**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                  Case No.: 3:16-cr-60-J-39JRK

MATTHEW BRYAN CANIFF

_____/

**ORDER**

This case is before the Court on Defendant Matthew Bryan Caniff's second

Motion for Compassionate Release. (Doc. 112; see also Doc. 93, First Motion for

Compassionate Release). Defendant is a 37-year-old inmate incarcerated at FCC

Coleman Low, serving a 180-month term of imprisonment for the attempted online

enticement of a minor to engage in illicit sexual activity and for the attempted

production of child pornography. (Doc. 111, Amended Judgment). According to the

Bureau of Prisons (BOP), he is scheduled to be released from prison on October

27, 2029. Defendant seeks a reduction in sentence under the compassionate

release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and

because he allegedly suffers from paroxysmal atrial tachycardia, heart disease, and

morbid obesity. The United States opposes the motion because Defendant did not

exhaust his administrative remedies, because Defendant does not demonstrate the

existence of extraordinary and compelling circumstances, because Defendant is a

danger to the community, and because the § 3553(a) factors do not support a

1

reduction in sentence. (Doc. 113, Response; see also Doc. 95, Response to First Motion for Compassionate Release).

Defendant filed the instant motion for compassionate release barely two months after the Court denied his first motion for compassionate release. (See Doc. 98, Order Denying First Motion for Compassionate Release). The Court denied the first motion because Defendant had failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, because he had failed to demonstrate extraordinary and compelling reasons for compassionate release, because he is a danger to the community, and because the BOP is adequately responding to the Covid-19 crisis. (Doc. 98, Order Denying First Motion for Compassionate Release at 3-4). As the Court noted, Defendant "was convicted of serious child sex offenses; therefore, he cannot demonstrate that he is not a danger to the community." Id. at 3. The trial evidence showed that Defendant drove an hour-and-a-half to rendezvous with someone he believed to be a 13-year-old girl named "Mandy." United States v. Caniff, 955 F.3d 1183, 1185-86 (11th Cir. 2020). Defendant, who worked as a pharmacy technician, planned to drug the "girl" with Xanax and have sex with her. See id. at 1186.

Defendant fails to produce any evidence that anything has materially changed since the Court denied his first motion for compassionate release. Even assuming, arguendo, that Defendant has since exhausted his administrative remedies and that he can demonstrate extraordinary and compelling reasons for compassionate release, he is still a danger to the community. U.S.S.G. § 1B1.13(2). Likewise, the sentencing factors under 18 U.S.C. § 3553(a) do not support

2

compassionate release. <u>See</u> 18 U.S.C. § 3582(c)(1)(A) (requiring the court to consider the § 3553(a) factors). Defendant has served less than half of his 15-year sentence for egregious sex crimes.

Accordingly, it is hereby **ORDERED**:

Defendant Matthew Bryan Caniff's second Motion for Compassionate Release (Doc. 112) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of July, 2020.

BRIAN J. DAVIS
United States District Judge

Lc 19

Copies:

Counsel of record
Defendant

3